# IN THE UNITED STATES DISCTRICT COURT
# EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

FILED
2010 SEP 15 P 12: 21

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

**Erik B. Cherdak**
149 Thurgood Street
Gaithersburg, Maryland 20878

*Plaintiff,*

v.

**NORDSTROM, INC.**
1617 Sixth Avenue
Seattle, Washington 98101

*Defendant.*

Case No. 1:10CV1029
LOG/JFA

COMPLAINT FOR
PATENT INFRINGEMENT

JURY TRIAL DEMANDED

RELATED CASE:
1:10-cv-00528-LO-IDD

## COMPLAINT

Plaintiff Erik B. Cherdak[1] (hereinafter "Plaintiff" or "Cherdak"), *Pro Se*, and in and for his Complaint against NORDSTROM, INC. (hereinafter "NORDSTROM"), and states as follows:

## THE PARTIES

1. Plaintiff is an individual who resides in Gaithersburg, Maryland at the address listed in the caption of this Complaint.

2. Defendant NORDSTROM is publicly traded, WASHINGTON, USA corporation having a principal place of business as specified in the caption of this Complaint.

---

[1] Although Plaintiff Cherdak is not licensed to practice law in Virginia, he is a registered patent attorney before the U.S. Patent and Trademark Office.

## **JURISDICTION AND VENUE**

3. This is an action for Patent Infringement under the Laws of the United States of America and, in particular, under Title 35 United States Code (Patents – 35 USC § 1, *et seq.*). Accordingly, Jurisdiction and Venue are properly based under Sections 1338(a), 1391(b) and (c), and/or 1400(b) of Title 28 of the United States Code.

4. Defendant sells infringing lighted athletic shoes (a.k.a. "lighted shoes," "lighted sneakers," etc.) through its own retail stores including retail stores located in this judicial district and is therefore subject to this court's jurisdiction. For example, Defendant NORDSTROM owns and operates retail stores like and/or similar to one located in TYSONS CORNER CENTER, Tysons, Virginia, USA. Additionally, Defendant NORDSTROM operates a retail website at www.nordstrom.com which Defendant has made accessible to citizens of Virginia, USA, 24 hours per day, 7 days per week and 365 days per year.

## **FACTS**

5. On July 6, 1993, Plaintiff filed a patent application entitled "Athletic Shoe with Timing Device" that resulted in the issuance of the '445 patent on August 30, 1994. On August 29, 1994, Plaintiff filed a Continuation type application also entitled "Athletic Shoe with Timing Device" which resulted in the issuance of the '269 patent on September 19, 1995. The Cherdak patents are directed, *inter alia*, to lighted shoes like those sold by the Defendant. The Cherdak patents have successfully gone through additional expert review before the USPTO during reexamination

2

proceedings related to the same (USPTO Reexamination Proceeding Control Nos. 90/008,269, and 90/008,246, respectively). Those reexamination proceedings resulted, *inter alia*, in the confirmation of many claims without amendment; many of said claims form the basis of the instant lawsuit. Both of the Cherdak patents are entitled "Athletic Shoe with Timing Device." U.S. Patent Nos. 5,343,445 and 5,453,369 and their corresponding reexamination certificates previously have been provided to Defendant and Defendant has acknowledged its awareness of the same in the context of prior litigation between the parties. *See Cherdak v. Nordstrom, Inc.*, Case No. 1:10-cv-00528-LO-IDD (USDC E.D.Va.).

6. The Defendant has in the past used, imported, distributed, sold and offered for sale, and continues to use, import, distribute, sell and offer for sale, infringing products such as those bearing the GEOX® brand trademark. ***EXEMPLARY*** infringing shoes sold by Defendant as late as August 31, 2010, include, ***but are not limited to***, the GEOX® branded shoes known as the FIGHTER ALIEN and the GEOX® LIGHT-UP SNEAKER (JFighter2) (Nordstrom Item Nos. 299192, respectively). Printouts from Defendant's website (www.nordstrom.com) which depict said lighted athletic shoes are attached to this complaint at EXHIBIT 1. Defendant states that such shoes "flash with each step." *Id.*

7. *The infringing shoes mentioned in this COMPLAINT are merely **Exemplary** infringing shoes and, on information and belief, Defendant does sell, does offer for sale, and does distribute other shoes*

*now on store shelves (and which have been sold in the past) at least in this judicial district of Virginia (USA) and/or throughout the United States.* Accordingly, the particular shoe model(s) identified in paragraph number 6, *supra*, are merely exemplary and do not constitute a full and complete identification of all infringing shoes which are contemplated by this Complaint for Patent Infringement and the instant lawsuit commenced hereby – *Due discovery in this case will reveal all infringing shoes used, made, imported, offered for sale, and/or sold by the Defendant individually and/or collectively with other parties.*

8. DEFENDANT NORDSTROM IS HEREBY ADVISED THAT THE PLAINTIFF, THE INSTANT LAWSUIT AND THIS COMPLAINT DO NOT SEEK REMEDIES IN CONNECTION WITH ANY ACTS OF PATENT INFRINGEMENT BY DEFENDANT RELATED TO LIGHTED SHOE PRODUCTS WHICH ARE MANUFACTURED BY AND/OR WHICH ARE SOURCED TO (SUPPLIED TO) DEFEDANT FROM ANY OF THE FOLLOWING PARTIES:

   COLLECTIVE BRANDS, INC. (/dba/ PAYLESS, INC.)
   BBC INTERNATIONAL, INC.
   STRIDE-RITE CORPORATION
   ESO ORIGINALS, INC.
   VIDA SHOES INTERNATIONAL, INC.
   CHAMELEON, INC.
   SKECHERS USA INC.
   TARGET STORES, INC. (A.K.A. TARGET BRANDS, INC.)
   THE WALT DISNEY COMPANY
   ELAN-POLO, INC.
   PUMA NORTH AMERICA, INC.

# COUNT I – PATENT INFRINGEMENT

Paragraphs 1 through 8 are hereby incorporated by reference as though completely set forth herein.

9. Given the validity and corresponding enforceability of the Cherdak patents (U.S. Patent Nos. 5,343,445 and 5,452,269) against past, present, and future infringing acts and other activities prohibited under the U.S. Patent Act (35 USC § 1, *et seq.*), Plaintiff Cherdak, *inter alia*, possesses the right to pursue claims in connection with the Defendant's past, present, and future design, use, manufacture, importation, sale, offer for sale, and distribution of infringing shoes under 35 USC § 271(a), (b), and (c).

10. On information and belief Defendant has infringed, contributed to the infringement of, and/or induced the infringement of the Cherdak patents in violation of 35 USC § 271(a), (b), and (c) by its design, use, manufacture, importation, distribution, sale, and offer for sale of shoes including, **but not limited to**, the shoes identified in paragraph 6 *supra*.

11. On information and belief, Defendant has infringed the Cherdak patents in violation of 35 USC § 271(b) by actively inducing distributors, customers, and/or other retailers to infringe the Cherdak patents. For example, Defendant has knowingly sold lighted shoes for infringing purposes. *See* EXHBIT 1, attached – Defendant stating that the shoes depicted therein "flash with each step." *Id*

12. Such infringing acts on the part of Defendant have and continue to injure and damage Plaintiff. Accordingly, without the grant of adequate

remedies at law and in equity, Defendant will be permitted to willfully infringe the Cherdak patents to Plaintiff's further detriment.

## COUNT II – WILFUL PATENT INFRINGEMENT

Paragraphs 1 through 12 are hereby incorporated by reference as though completely set forth herein.

13. On May 21, 2010, Plaintiff filed suit in this Honorable Court seeking, *inter alia*, damages and injunctive relief for patent infringement of the patents in suit. *See Cherdak v. Nordstrom, Inc.*, Case No. 1:10-cv-00528-LO-IDD (USDC E.D.Va.). At the direction of Defendant Nordstrom, Defendant Nordstrom requested that Plaintiff seek out a resolution with one (1) of Defendant's suppliers, PUMA North America, Inc., with regard to exemplary lighted shoes sold by Defendant throughout its vast distribution channels.

14. Plaintiff and PUMA North America, Inc. did, in fact, reach an agreement contemplating sales of PUMA® branded products by Defendant and, accordingly, Plaintiff sought dismissal of said Case No. 1:10-cv-00528-LO-IDD, but did so in view of the express written *proviso* that "Plaintiff reserves the right to bring suit against Defendant Nordstrom, Inc. for acts of patent infringement in connection with products not sourced or supplied by PUMA North America, Inc." *See Id.* at Docket Entry No. 4 (Notice of Dismissal pursuant to Fed. R. Civ. P. Rule 41(a)). On information and belief, the exemplary infringing shoes specified in Paragraph 6 of this Complaint are NOT sourced by PUMA North America, Inc.

15. After Plaintiff filed his aforementioned Notice of Dismissal pursuant to Fed. R. Civ. P. Rule 41(a) as noted in paragraph 14 hereof, Plaintiff learned that Defendant Nordstrom is selling other, additional lighted shoe products which infringe the patents in suit. Shockingly, Defendant Nordstrom never requested or even enquired of Plaintiff about Defendant taking a license despite having full knowledge of the patents in suit and after instructing Plaintiff to work directly with its supplier, PUMA North America, Inc. to resolve certain outstanding issues in collateral litigation.

16. Defendant Nordstrom has had actual knowledge of the patents in suit since at least as early as May, 21, 2010, the date on which Case No. 1:10-cv-00528-LO-IDD was originally filed in this Honorable Court (hereinafter, "NORDSTROM-1"). The May 21, 2010 date is important as the same precedes the incredibly important Back To School shopping season for which Defendant deliberately chose to profit from by selling the infringing shoes exemplarily specified in Paragraph 6 hereof. On information and belief Defendant had full knowledge that it would be selling said exemplarily specified shoes in May, 2010 and despite the fact that Defendant knew that it had to obtain rights to sell other infringing products *vis-à-vis* prior litigation between the parties.

17. Despite Defendant Nordstrom's actual knowledge of the patents in suit, Defendant Nordstrom has deliberately chosen to ignore the fact that the U.S. Patent Statute affords Plaintiff the right to seek a remedy against Defendant which may include an injunction preventing Defendant from using, making and *selling* infringing shoe products regardless of any indemnification agreement Defendant may have in place with third parties. And, regardless of any indemnification contract to which Defendant may

7

be a party, Defendant stands on its own when it comes to willful infringement.

18. To date, Defendant Nordstrom has not sought a license from Plaintiff despite the fact that Defendant Nordstrom demanded that PUMA North America, Inc. step forward and negotiate a settlement and license given Nordstrom's infringing acts related to sales of lighted shoe products which are not the subject of the instant litigation (hereinafter, "Nordstrom-2"). It is simply inconceivable that a company would not take the affirmative action to seek out license rights when that company has full knowledge of the patents in question and when that company had already demanded that a third party step up and take a license on Defendant's behalf. There can be no more clear a case of willful infringement than the instant case (Nordstrom-2).

19. Defendant Nordstrom's sale of lighted shoe products are acts of direct infringement of the patents in suit and have and continue to be done with wanton and reckless disregard for the valid patent rights of the plaintiff. Defendant has long known about the patents in suit, Defendant has been sued by Plaintiff in prior litigation surrounding the patents in suit herein and for acts of patent infringement which are substantially identical to those raised herein, and Defendant demanded that its supplier settle at least some of the claims raised in said prior litigation (in Nordstrom-1) thereby demonstrating Defendant's reasonable belief in the validity of Plaintiff's patents and claims of the types raised herein.

20. On information and belief Defendant has infringed, contributed to the infringement of, and/or induced the infringement of the Cherdak patents in violation of 35 USC § 271(a), (b), and (c) by its design, use, manufacture,

importation, distribution, sale, and/or offer for sale of shoes including, **but not limited to**, the shoes identified in paragraph 6 *supra*.

21. On information and belief, Defendant has infringed the Cherdak patents in violation of 35 USC § 271(b) by actively inducing distributors, customers, and/or other retailers to infringe the Cherdak patents. For example, Defendant has knowingly sold lighted shoes for infringing purposes. *See* EXHBIT 1, attached.

22. Such infringing acts on the part of Defendant have and continue to injure and damage Plaintiff. Accordingly, without the grant of adequate remedies at law and/or in equity, Defendant will be permitted to willfully infringe the Cherdak patents to Plaintiff's further detriment.

## PRAYER FOR RELIEF

*WHEREFORE*, Plaintiff Cherdak prays for judgment and relief against the Defendant as follows:

A. That permanent injunctions be issued against continued infringement of the '445 and '269 patents by Defendant and its parents, subsidiaries, officers, directors, employees, affiliates, representatives and agents, and all those acting in concert with or through Defendant, directly or indirectly, including, but not limited to, distributors, customers, and other retailers;

B. That an accounting be had for damages caused to Plaintiff Cherdak by Defendant's acts in violation of the U.S. Patent Act (35 USC § 1, *et seq.*) together with pre-judgment and post-judgment interest;

C. That damages be awarded in accordance with the U.S. Patent Act, 35 USC § 1, *et seq.*;

D.  That any damages awarded in accordance with any prayer for relief be enhanced and, in particular, *trebled* in accordance with the U.S. Patent Act (35 USC § 1, *et seq.*) for Defendant's acts which are found to be willful acts of patent infringement; and

E.  Such other and further relief as this Court shall deem just and proper.

## DEMAND FOR TRIAL BY JURY

The Plaintiff hereby demands a TRIAL BY JURY on all issues so trialable.

Respectfully submitted,

Erik B. Cherdak, Plaintiff *Pro Se*
149 Thurgood Street
Gaithersburg, Maryland 20878
(202) 330-1994
Fax 1.240.235.7128
Email: efunds@yahoo.com

September 13, 2010